UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:14CV-715-DJH

**GARY D. WEBER**                                                                                            **PLAINTIFF**

v.

**METRO POLICE DEPARTMENT LOUISVILLE, KY**                          **DEFENDANT**

**MEMORANDUM OPINION**

      Plaintiff Gary D. Weber filed this *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On the same day he filed the complaint, Plaintiff also filed a motion (DN 4) in which he requests that the Court "Fire the office's & Pay $75,000 to Gary Dewayne Weber." Plaintiff subsequently filed another motion (DN 9). Since both of these motions allege facts not contained in the complaint, the Court construes them as motions to amend the complaint and **GRANTS** the motions. *See* Fed. R. Civ. P. 15(a)(1), (2). Upon initial screening of the complaint and amendments, the instant action will be dismissed for the reasons that follow.

**I.**

      Plaintiff filed the complaint on a general complaint form naming as Defendant "Metro Police Department Louisville, Ky." In the section of the complaint form where Defendants are to be listed, he also lists "Carrollton Circuit Court" as a Defendant. As his grounds for filing suit in federal court, Plaintiff states, "Racism, lieing, stocking, fighting, me Gary D. Weber stealing, my porpty and saleing it." As his statement of the claim, Plaintiff states as follows:

> I got robbed by 2 merto police they took my moe-pad and sold it when a judge had a hold on it, all so the spited in my hair and called my the N-word also the guards told me when I was in jail that they was the Klae Kuxis, Klen members also I'm black and there are black office who told me that they be lateing office's call them the N-word and they don't mind and the office & gaurds don't go home after work they hang out around my home calling me racail name and the office and gaurds also have been bothering people in were I go for a job and were I shop at and Carrollton office been droping under cover informant's in this town And they alway's[.]

In the first amended complaint, Plaintiff requests that the Court "Fire the office's & Pay $75,000 to Gary Dewayne Weber." He states that "they have been playing with information . . . that was not true about & racialism or racial name's giving or talking about me Gary Dewayne Weber about me to people like, job's, and friends & and stranger." He states that "they" are "never giving my any documents about an thing that would help you so they through them away and I have had another case and they thieving to play the case off to make it look like I'm not or try to . . . pass it for another case." Plaintiff further states as follows:

> I like the court to find out about it even if I take a polygraph. And they office try to use rachitis move's I like you to know and try to play it off. Black & white cops both play like the are not and do the job but really are and I'm not lieing to you this is my write Gary Dewayne Weber! And I want to prove that I am being onus and there a, really, real problem that problem out of police in both town's and more than one are of your occupation to who it may concern?

In the second amended complaint, Plaintiff states that police officers are playing "mind games" with him and that he is in danger from police officers. He states as follows:

> And another [officer] is playing or trying to make someone hurt or, comit suicide by playing like a person who can not portect them self from a cop and I heared them say I'm going to make you kill me from these office's and the other police from Carrollton Kentucky is playing like his the police chief of Jefferson County or Louisville police and one, off the judge's from Carrollton Ky has been done here in Jefferson act like his the boss judge of Louisville and there is a [illegible] lawer from Carrollton in Jefferson and she been around Jefferson County Ky, spying on me and starting trouble . . . .

2

Plaintiff states that he believes that officers are following him around and spying on him, and that a male officer sexually harassed him. He states that there are 30 officers or more starting fights with him and following him. He also states that officers "tried to run me over in a undercover car a month ago January 2015 & last summer 2014."

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court has a duty to construe *pro se* complaints liberally,

3

Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). The pleading standard set forth in Rule 8 "'does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)).

Plaintiff's complaint almost exclusively contains broad and conclusory allegations that are not entitled to the assumption of truth. *See Abner v. Focus: Hope*, 93 F. App'x 792, 793 (6th Cir. 2004) (stating that the court is not "required to accept non-specific factual allegations and inferences or unwarranted legal conclusions"). These conclusions are not supported by factual allegations that would "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Plaintiff's complaint and amendments are rambling, disjointed, implausible, and fail, as they are required to do, to contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

Moreover, to the extent that Plaintiff alleges that officers or jail guards called him racist names, the Sixth Circuit has held that harassing or degrading language, although unprofessional and despicable, does not amount to a constitutional violation. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth

4

Amendment claim."); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Searcy v. Gardner*, No. 3:07-0361, 2008 U.S. Dist. LEXIS 10312, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials."). Therefore, Plaintiff's claims concerning verbal abuse fail to state a constitutional claim.

Upon review, the Court finds that most of Plaintiff's factual allegations fail to meet the pleading standards under Rule 8 and that his claims concerning verbal abuse fail to state a claim upon which relief may be granted. Therefore, a separate Order dismissing the action will be entered consistent with this Memorandum Opinion.

Date: March 13, 2015

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4415.010